On February 20,1967, defendant filed a motion for partial summary judgment. Upon consideration thereof, together with the response thereto, without oral argument, the court concluded that the delay-damages claim of plaintiff was not excepted from the general release of March 22,1957, and was therefore released (see Utah Constr. & Mining Co. v. United States, 168 Ct. Cl. 522, 339 F. 2d 606 (1964) ; J. G. Watts Constr. Co. v. United States, 161 Ct. Cl. 801 (1963); Drake America Corp. v. United States, 168 Ct. Cl. 318 (1964) ; Brock & Blevins Co. v. United States, 170 Ct. Cl. 52, 343 F. 2d 951 (1965)), and that plaintiff had not raised in its response to defendant’s motion, any triable issue of fact as to the parties’ intention regarding the coverage of the release. The court further concluded that insofar as defendant’s motion sought to limit the claims excepted from the general release to the amounts sought in the claims pending adminis *969 tratively at the time of the execution of the release, the court would await the completion of the administrative proceedings and the Wunderlich Act review before determining, if then necessary, whether the plaintiff was limited to the amounts claimed administratively. On July 3,1967, the court ordered that defendant’s motion for partial summary judgment be granted and the petition dismissed with respect to the delay-damages claim, and that defendant’s motion be denied without prejudice insofar as it sought to limit the claims excepted from the general release to the amounts sought in the claims pending administratively at the time of the execution of that release. The case next came before the court on a stipulation of the parties filed February 23, 1968, in which the parties stated that a written offer was submitted by plaintiff and accepted by defendant whereby plaintiff agreed to accept $100,000 in full settlement of all claims set forth in the petition and that defendant consented to the entry of judgment in that amount, and on March 1,1968, the court ordered that judgment be entered for plaintiff in the sum of $100,000.